## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-14050-CIV-MOORE/MAYNARD

**PAUL E. SANDERS, JR.,**

      **Plaintiff,**

**v.**

**SHERIFF PAUL BLACKMAN, Highlands County
Sheriff's Office, YULIER TOMBLIN,
YULIER ORTEGA, *et al.*,**

      **Defendants.**

_____/

## <u>REPORT & RECOMMENDATION</u>

      **THIS CAUSE** has been referred to me for appropriate disposition of all pretrial matters.

[DE 5].  Plaintiff Paul Edward Sanders has filed a *pro se* Complaint for Violation of Civil Rights

pursuant to 42 U.S.C. § 1983. [DE 1].[1]  The Complaint identifies Highlands County Sheriff Paul

Blackman, two deputies, unknown members of an "anti-tactical team," and the State of Florida as

Defendants.  Among other things, the Complaint alleges deprivation of property rights, violation of

procedural due process, violation of right to counsel, violation of right to freedom, abuse and

punishment based on disability, race, religion, and gender, and sexual assault and battery.

      In response to the Complaint, Defendant Sheriff Paul Blackman filed a Motion to Dismiss

[DE 13] on shotgun pleading grounds and based upon Plaintiff's alleged failure to state any valid

---

[1] A review of the Court's electronic filing system reveals that this is not Plaintiff's first civil lawsuit in this District. Plaintiff's prior suits have all been dismissed without prejudice for lack of prosecution. *See, e.g., Paul Edward Sanders, Jr. v. Middlebrooks*, No. 09-81491-Civ-Marra/White, DE 5, (S.D. Fla. Jan. 4, 2010) (construing plaintiff's "Notice of Intent to Sue" as complaint and dismissing it without prejudice for lack of prosecution); *Paul E. Sanders v. Brandon*, No. 09-61735-Civ-Zloch/White, DE 7, (S.D. Fla. Dec. 23, 2009) (dismissing § 1983 complaint without prejudice for lack of prosecution); *Paul E. Sanders v. Williams*, No. 09-81521-Civ-Marra/White, DE 16, (S.D. Fla. Apr. 29, 2010) (dismissing § 1983 complaint without prejudice for lack of prosecution).

claim.[2]  Plaintiff has filed a Response [DE 17], and Defendant has filed a Reply [DE 19].

Upon consideration, I respectfully recommend that Defendant's Motion to Dismiss [DE 13] be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** for the following reasons.

## LEGAL STANDARD

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At this stage, the Court will take Plaintiff's allegations as true and will construe them in the light most favorable to Plaintiff.  *Twombly*, 550 U.S. at 555.  To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In testing the sufficiency of a complaint, courts do not consider matters outside the four corners of the complaint and must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff.  *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Finally, while *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally construed, *see, e.g., Alba v. Montford*, 517 F.3d 1249, 1252 (11th

---

[2] This Motion is filed only on behalf of Sheriff Paul Blackman and not the individually-named deputies.  Based on my finding that the Complaint is a shotgun pleading, I recommend that the Complaint be dismissed without prejudice in its entirety against all named Defendants.

Cir. 2008), "[t]he pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

## PLAINTIFF'S COMPLAINT

Liberally construed, the Complaint alleges unlawful actions incident to a stop and search of Plaintiff.  According to the Complaint, on March 2, 2021, Plaintiff was "follow[ed] by a Dark Gray Truck (pickup)" while riding his bicycle. [DE 1].  Plaintiff was stopped by Highlands County Sheriff's Office Deputy, Yulier Tomblin ("Tomblin").  Tomblin allegedly told Plaintiff the reason for the stop was because Plaintiff did not have a "red lense on the back of [his] bike." [*Id*. at 4]. Tomblin "did not read [Plaintiff his] rights," blocked Plaintiff's access to his bike, asked to search Plaintiff, and told Plaintiff he "better not even try to get on [his] bike, and leave." [*Id*. at 4-5]. Plaintiff claims an anti-crime tactical team accompanying Tomblin, along with Officer Ortega ("Ortega"), arrived on scene and proceeded "to sexually assault, and batter" Plaintiff. [*Id*. at 5]. Plaintiff asked the officers not to treat him like George Floyd, in which Tomblin replied, "Long as you don't move, it will not happen like George Floyd." [*Id*.].

Plaintiff alleges Tomblin then ordered Plaintiff to remove Plaintiff's personal belongings from his pockets and put them on the ground.  Then Ortega, without announcing he was an officer, flashed a flashlight in Plaintiff's face "torturing [Plaintiff" if though I was a violent person to intim[i]date me." [*Id*. at 5].  The Complaint alleges Plaintiff was denied medical treatment by the Highlands County Jail, following his arrest stemming from the stop.   [*Id*. at 6].  Plaintiff alleges violations of the Fourth, Sixth, Eighth, and Fourteenth constitutional amendments as well as "abuse,

punishment of a disabled person of ethical race/color, and or rel[igio]n, and gender." [*Id.* at 3-4]. As relief, Plaintiff seeks "and Order charging the above[] named, unknow[n] Highlands County Sheriff's Tactical Anti-Crime Team, Officers, Sgt. Tomblin, Cory 7185, Ortega, Yulier 7907, two unknown officers was present and 'sexually assaulted' 'me'." [*Id.* at 6]. Plaintiff also specifically seeks punitive damages against Sheriff Blackman. [*Id.*].

## <u>ANALYSIS</u>

A review of the Complaint shows that it does not survive dismissal because it fails to meet minimum pleading requirements of the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 8, a complaint must assert "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 10 relatedly requires a complaint to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence … be stated in a separate count." Fed. R. Civ. P. 10(b). Rules 8 and 10 "work together to require the pleader to present his[/her] claims discretely and succinctly, so that his[/her] adversary can discern what he[/she] is claiming and frame a responsive pleading. *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996). Federal Rule of Civil Procedure 12 requires that a complaint be dismissed if the court determines that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Shuler v. Okeechobee Cl Warden*, 815 F.App'x 457, 458 (11th Cir. 2020). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Complaints that violate Rules 8 and 10 are referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate

either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). Besides violating the rules, shotgun pleadings "waste judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Vibe Micro, Inc., v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1320-21. The first type is a complaint with "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22. The third type is a complaint that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. The last type of shotgun pleading is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Here, the Complaint is an impermissible shotgun pleading. It contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. For example, Plaintiff asserts that Deputy Tomblin "directed his team to sexually assault, and batter" Plaintiff [DE 1 at 5], but Plaintiff provides no specific factual information or details regarding which individuals assaulted him or what acts occurred. There is also mention of a claim for an alleged failure to provide Plaintiff with "sustainable medical medications properties presented, request for beds, and or additional medical bed[d]ings. Based on my medical disabilities act to treat my medical conditions, neck back hip, that I did not receive from Highlands County jail

after being arrest[ed] for issues concerning charged alleged in a formal complaint filed by the above defendants, named in this complaint (civil)." [*Id.* at 6]. No further details are provided and it is unclear which Defendant is allegedly responsible for this alleged intentional indifference to Plaintiff's medical needs. It is important that defendants be apprised of the conduct that forms the basis of the charges against them. *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013).

The Complaint also does not clearly specify who is being sued. It is unclear which counts and allegations relate to which named defendants. The Complaint neither asserts separate claims or counts founded on separate occurrences as required nor does it identify in a meaningful way exactly how or why each named Defendant is subject to liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 788 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Weiland*, 792 F.3d at 1322-23 (complaint containing "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" fails to satisfy Rules 8 and 10). The Complaint's case caption names Sheriff Blackman, an unidentified anti-tactical team, and the State of Florida as Defendants but a later section providing details about the Defendants identifies Sheriff Blackman, "Tomblin, Yulier, Supervisor/Sgt.," "Ortega, Yulier, 7907, Reporting Officer," unknown third parties, and possibly the Highlands County Sheriff's Department. *Compare* DE 1 at 1 *with* DE 1 at 2-3. As it stands, the Complaint does not offer fair notice of who is being sued as a Defendant and in what capacity, much less how or why each Defendant is liable to Plaintiff. The fact that Plaintiff is proceeding *pro se* do not excuse his failure to comply with these basic pleading requirements. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

The Complaint generally alleges violations of Plaintiff's Fourth, Sixth, Eighth, Fourteenth, and Sixteenth Amendment rights in conclusory fashion. Merely providing general citation to the U.S. Constitution or other federal law is not sufficient. The U.S. Constitution does not itself create

a private right of action.  If Plaintiff seeks to bring a claim for a constitutional violation, he should bring his lawsuit under 42 U.S.C. § 1983, which allows persons deprived of a constitutional right to sue certain state actors for damages and injunctive or declaratory relief.  *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015) (to state a claim under § 1983, a plaintiff must allege that (1) the defendants deprived him or her of a right secured under the U.S. Constitution or federal law, and (2) such deprivation occurred under color of state law).

The above deficiencies are especially problematic here given the potential applicability of legal doctrines regarding immunity, issue preclusion, municipal liability, and abstention.[3]  Although Plaintiff is not required to put forth evidence at this stage, I find that Plaintiff's allegations, as they currently stand, are not plausible on their face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Additional factual allegations are necessary to better crystalize the Complaint's allegations and push the Complaint beyond mere conceivability and into plausibility.  *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) ("Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'").  As such, the Complaint is subject to

---

[3] In assessing the Complaint, I take judicial notice of Plaintiff's pending state criminal prosecution for alleged use or possession of drug paraphernalia and possession of cocaine in *State of Florida v. Paul Edward Sanders Jr.*, Case No.: 28-2021-CF-000239-CF-AXMX, available at https://www.civitekflorida.com/ocrs/app/case information.xhtml?query=d3_HexUTfcEz4iDNYbeUyyDamDYpJx6mcYgNoxXm3s4&from=partySRDisplayB yCases (last accessed 9/28/22).  *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (taking judicial notice of state court records referenced in a complaint at the motion-to-dismiss stage). A review of the state court record reveals that this ongoing state court proceeding appears to stem from the same incident forming the basis of Plaintiff's claims in this case.  Importantly, the U.S. Supreme Court has held that a federal court should not act to restrain an ongoing state court criminal prosecution. *Carter v. Dep't of Child. & Fams.*, 2022 WL 2921310, at *2 (11th Cir. July 26, 2022) (citing *Younger v. Harris*, 401 U.S. 37, 41(1971).  *Younger* abstention derives "from the vital consideration of comity between the state and national governments," which are "fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id.* (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

dismissal.

It is difficult to discern from the present Complaint whether any potential claims exist and, if so, against who. I recommend that Plaintiff be given one opportunity to replead his claims. If allowed to replead, Plaintiff is cautioned that any amendment must comply with the Federal Rules of Civil Procedure. Specifically, an amended complaint must provide a *short and plain* statement of Plaintiff's claims; must state claims in numbered paragraphs limited to a single set of *relevant* circumstances; must state each cause of action founded on a separate occurrence in a separate count; must specify which Defendant Plaintiff is suing in each cause of action; and must set forth facts— not speculations, opinions, or legal conclusions—plausibly demonstrating a basis for the claims. Plaintiff is advised that any amended complaint will supersede and entirely replace the original complaint. Thus, an amended complaint must contain clear and concise allegations fully stating the basis for Plaintiff's claims. Failure to comply with the directives in this paragraph may lead to dismissal with prejudice.

## **RECOMMENDATION**

Accordingly, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss [DE 13] be **GRANTED** and that Plaintiff's entire Complaint [DE 1] be **DISMISSED WITHOUT PREJUDICE**, and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. *Vibe Micro, Inc.*, 878 F.3d at 1296 (district courts "must *sua sponte* give [litigants] one chance to replead before dismissing [the] case with prejudice on non-merits shotgun pleading grounds"). It is recommended that any amended complaint, if any, be due within 20 days of the date this Report and Recommendation becomes final.

## <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge K. Michael Moore.   Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 29th of September, 2022.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE