UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14050-KMM

PAUL E. SANDERS, JR.,

    Plaintiff,

v.

SHERIFF PAUL BLACKMAN, Highlands County Sheriff's Office, YULIER TOMBLIN, YULIER ORTEGA, et al.,

    Defendants.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Sheriff Paul Blackman's Motion to Dismiss. ("Motion" or "Mot") (ECF No. 13). Therein, Defendant Blackman requests that the Court dismiss Plaintiff Paul E. Sanders ("Plaintiff")'s Complaint (ECF No. 1) on shotgun pleading grounds and for failure to state a claim. *See* (ECF No. 13) at 1, 4–5. Plaintiff filed his Response, (ECF No. 17), and Defendant Blackman filed a Reply (ECF No. 19). Pursuant to the Court's February 3, 2022 Order, the matter was referred to the Honorable Shaniek M. Maynard, United States Magistrate Judge. *See* (ECF No. 5). On September 29, 2022, Magistrate Judge Maynard issued a Report and Recommendation, ("R&R") (ECF No. 20), recommending that the Motion be GRANTED and that Plaintiff's Complaint be dismissed without prejudice. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In her Report and Recommendation, Magistrate Judge Maynard concludes: (1) Plaintiff's Complaint is an "impermissible shotgun pleading," containing conclusory, vague and immaterial facts not obviously connected to a particular cause of action, and not clearly specifying who is being sued, *see* R&R at 4–7; (2) that the above deficiencies render Plaintiff's allegations unplausible and that the Complaint is subject to dismissal, *id.* at 7–8; but (3) Plaintiff should be permitted an opportunity to replead in a clear and concise fashion, and that failure to comply may lead to dismissal with prejudice of any second complaint, *id*.  This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Maynard's R&R (ECF No. 20) is ADOPTED.  Defendant's Motion to Dismiss (ECF No. 13) is GRANTED.  Plaintiff's Complaint is DISMISSED WITHOUT

PREJUDICE.  The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of October, 2022.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Paul E. Sanders, Jr.
2029 Arbuckle Creek Road, Apt. 5
Sebring, FL 33870